# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Marque Wilbon**<br>1300 Superior Ave., Apt. 2102<br>Cleveland, Ohio 44114<br><br>**Plaintiff,**<br>v.<br><br>**Midland Credit Management, Inc.**<br>8875 Aero Drive, Suite 200<br>San Diego, California 92123<br><br>and<br><br>**JOHN AND JANE DOES 1-10**<br><br>**Defendants.** | **CASE NO.: 1:14-cv-00103**<br><br>**JUDGE**<br><br>**COMPLAINT**<br><br>**A Trial by the Maximum Number of Jurors is hereby Demanded** |

Here comes Plaintiff Marque Wilbon, (hereinafter "Plaintiff") and sets forth a *Complaint* against Defendant Midland Credit Management, Inc. (hereinafter "Defendant") and Defendant John and Jane Does 1 – 10 (Collectively "Defendants") as follows:

## JURISDICITON

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* ("TCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Jurisdiction is proper in the Court pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. Plaintiff, Marque Wilbon (hereafter "Plaintiff"), is an adult individual whose residence is in Cleveland, Ohio, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3), and is a "person" as defined by 47 U.S.C. § 153(10).

5. The Defendant, Midland Credit Management, Inc. ("Midland"), is a California business entity with an address of 8875 Aero Drive, Suite 200, San Diego, California 92123, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and is a "person" as defined by 47 U.S.C. § 153(10).

6. Defendants John and Jane Does 1 - 10 are the individual collectors for the Midland, but whose names are unknown. The Complaint will be amended to add their names when they are determined through discovery.

7. Midland at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. A financial obligation (the "Debt") was allegedly incurred to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Midland for collection, or Midland was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. The Facts

12. Within the last year, beginning in October 2013, Midland contacted Plaintiff in an attempt to collect the Debt from "Dimengo Harris" (the "Debtor"), who is unknown to Plaintiff.

13. During all times mentioned herein, Midland called Plaintiff on his cellular telephone, number 216-xxx-6043, using an automatic telephone dialing system ("ATDS") and/or by using a prerecorded or artificial message on a cellular telephone

14. Midland used an automated voice when placing calls to Plaintiff indicating it was attempting to reach the Debtor.

15. Plaintiff does not know the Debtor and is in no way responsible for repayment of the Debt.

16. Plaintiff answered Midland calls and followed an automated prompt in an attempt to get the calls to stop. During a live conversation, Plaintiff informed Midland that it was calling

his personal cellular telephone and that the Debtor was unknown to him and unreachable at his telephone number.

17. Plaintiff instructed Midland to remove his telephone number from the account and cease all communications with him.

18. However, despite knowing the Debtor could not be reached at Plaintiff's number and ignoring Plaintiff's attempts to stop the calls, Midland continued calling Plaintiff in an attempt to collect the Debt at an annoying and harassing rate, placing up to two ATDS calls to his cellular telephone per day, several days a week for successive weeks.

## **COUNT I**

### **(Violations of the Fair Debt Collections Practices Act)**
### **(15 U.S.C. § 1692, *et seq*.)**

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

21. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

22. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

23. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

### (Violation of the Ohio Consumer Sales Practices Act ("OCSPA"))
### (O.R.C. § 1345.01, *et seq*.)

25. The Plaintiff incorporates by reference all of the above paragraphs as if fully restated herein.

26. The Plaintiff is a "Consumer" as defined by O.R.C. § 1345.01(D).

27. The Defendant is a "supplier" as defined by O.R.C. § 1345.01(C).

28. At all relevant times the Defendant was engaged in a "consumer transactions" as "suppliers" as defined in O.R.C. § 1345.01(A).

29. O.R.C. §1341.02 prohibits "suppliers" from using unfair or deceptive practices.

30. O.R.C. §1341.03 prohibits "suppliers" from using unconscionable consumer sales acts or practices.

31. Numerous Ohio Courts have held that a violation of the FDCPA is also a violation of the OCSPA.

32. Defendants' debt collection actions as more fully described in the preceding paragraphs violate the OCSPA.

33. Defendants' acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendants is subject to punitive damages.

34. Defendants' acts and omissions, when a duty to act was owed, constitute numerous and multiple violations of the OCSPA, including every one of the above-cited provisions and as such Plaintiff is entitled to damages.

## COUNT III

## (Invasion of Privacy by Intrusion upon Seclusion)

35. Plaintiff incorporates by reference all the above paragraphs of this complaint as if fully restated herein.

36. The *Restatement of Torts, Second*, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

37. Ohio recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendants violated Ohio state law.

38. Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with frequent telephone calls, abusing the Plaintiff with condescending and obscene language, and threatening legal action.

39. The telephone calls made by Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to his existence," thus satisfying the *Restatement of Torts, Second*, § 652(b) requirement for an invasion of privacy.

40. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

41. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

42. Defendants' acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendants are subject to punitive damages.

## COUNT IV
### (Violations of the Telephone Consumer Protection Act – 47 U.S.C. § 227, *et seq.*)

43. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. At all times mentioned herein and within the last four years, Defendants called Plaintiff on his cellular telephone using an ATDS and/or by using a prerecorded or artificial voice without Plaintiff's prior express consent.

45. Plaintiff never provided his cellular telephone number to Midland or the Creditor and never provided his consent to be contacted on his cellular telephone.

46. Defendants continued to place automated calls to Plaintiff's cellular telephone after being advised it had the wrong number and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

47. The telephone number called by Midland was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

48. The calls from Midland to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

49. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

50. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to O.R.C. § 1345.09(A) against Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and O.R.C. § 1345.09(F)(1) against Defendants;
4. Three times the amount of Plaintiff's actual damages or two hundred dollars, whichever is greater, pursuant to O.R.C. § 1345.09(B);
5. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);
6. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;
7. Punitive damage; and
8. Such other and further relief as this Court may determine to be just and proper.

Dated: January 16, 2014

Respectfully submitted,

By: /s/ *Sergei Lemberg*

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Email: slemberg@lemberglaw.com
Attorneys for Plaintiff:
Marque Wilbon

## JURY DEMAND

Plaintiff hereby makes a demand for trial by the maximum number of jurors allowed by law, on all triable issues.

 /s/ *Sergei Lemberg*
Sergei Lemberg, Esq.